UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY DECARLIS,

Plaintiff(s),

-against-

COMPASS GROUP USA, INC; BON APPETIT MANAGEMENT COMPANY; RESTAURANT ASSOCIATES, INC.; UNION SQAURE EVENTS, LLC; THE FRICK COLLECTION; CULTIVATEDNY; AND INTUIT, INC.,

Defendant(s).

26-CV-2950 (DEH) (JW)

ORDER OF SERVICE

Jennifer E. Willis, United States Magistrate Judge:

Plaintiff Anthony DeCarlis, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 to 1681x. Plaintiff brings additional state law claims under New York State Human Rights Law §§ 290 to 297, and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131. Plaintiff names Defendants as: (1) Compass Group USA, Inc.; (2) Bon Appetit Management Company; (3) Restaurant Associates, Inc.; (4) Union Square Events, LLC; (5) The Frick Collection; (6) CultivatedNY; and (7) Intuit, Inc.

By order dated April 10, 2026, the Court granted Plaintiff Anthony DeCarlis's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court directs service on Defendants.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B*);* see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v.* Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court

shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be

issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: July 8, 2026
New York, New York

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Compass Group USA, INC.
   2400 Yorkmont Rd.
   Charlotte, NC 28217

2. Bon Appetit Management Company
   201 Redwood Shores Pkwy., Suite 100
   Redwood City, CA 94065

3. Restaurant Associates, Inc.
   132 W 31st Street, Suite 601
   New York, NY 10001

4. Union Square Events, LLC
   147 41st St.
   Brooklyn, NY 11232

5. The Frick Collection
   1 East 70th Street
   New York, NY 10021

6. CultivatedNY
   429 11th Ave
   New York, NY 10001

7. Intuit, Inc.
   2700 Coast Ave
   Mountain View, CA 94043